UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CATHERINE WALLS, | : |
| Plaintiff, | : CIVIL ACTION |
| vs. | : |
| | : No.: 23-cv- |
| HARTFORD LIFE AND ACCIDEWNT INSURANCE COMPANY | : |
| Defendant. | : |

The Plaintiff, Catherine Walls ("Ms. Walls"), by and through the undersigned counsel, hereby sues the Defendant, Hartford Life Insurance Company of America ("HARTFORD" or "THE HARTFORD" or "DEFENDANT") and alleges:

## PRELIMINARY ALLEGATIONS

1. "Jurisdiction"- This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by a Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, and to clarify Plaintiff's rights under the employee benefit plan administered and funded by the Defendant. Plaintiff seeks relief, including, but not limited to, payment of benefits, prejudgment and post judgment interest, reinstatement of plan benefits

at issue herein, and attorney's fees and costs.

2.   Ms. Walls was at all times relevant a plan participant under the Beebe Healthcare Long-Term Disability Plan with a Group Policy Number 805616 (the "Plan").

3.   Upon information and belief, defendant, THE HARTFORD, is a corporation with its principal place of business in the State of Connecticut with a principal mailing address for they purposes of effectuating service of process of 200 Hopmeadow Street, Simsbury, CT 06089.

4.   Upon information and belief, HARTFORD is the insurer of benefits under the Plan and acted in the capacity of a claims administrator.  As the decision maker and payor of benefits, HARTFORD both funded and administered the claim with a conflict of interest and the bias this created affected the claims determination.

5.   The Plan is an employee welfare benefit plan regulated by ERISA, established for employees of Beebe Healthcare and its affiliates, under which Ms. Walls was a participant, and pursuant to which Ms. Walls is entitled to long-term disability benefits.  Pursuant to the terms and conditions of the Plan, Ms. Walls is entitled to disability benefits for the duration of the Plaintiff's disability, for so long as Ms. Walls remains disabled as required under the terms and conditions of the Plan.

6.   Venue is proper in this district under 29 USC 1132€(2), in that HARTFORD is licensed to transact business within the State of Delaware. Moreover, Ms. Walls was employed by the Policyholder in the State of Delaware.

## **CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COST PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)**

7. Ms. Walls incorporates by reference all preceding paragraphs as though fully set forth herein.

8. At all times relevant, Ms. Walls was an employee or former employee of Beebe Healthcare and is a plan participant under the terms and conditions of the Plan.

9. During the course of Ms. Walls's employment with Beebe Healthcare, Ms. Walls became entitled to benefits under the terms and conditions of the Plan. Specifically, while Ms. Woods was covered under the Plan she suffered a physical disability as a result of Sickness, the nature of which, due to privacy, is detailed within the administrative record, rendering her disabled as defined under the terms of the Plan.

10. As it relates to Ms. Walls's current claim for benefits, the long-term disability coverage portion of the Plan defines disability as being "*prevented from performing one or more of the Essential Duties of Any Occupation.*" The Plan defines Any Occupation as:

> *Any occupation means any occupation for which You are qualified by education, training or experience, and that has an earnings potential greater than the lesser of:*
>
> *1) the product of your Indexed Pre-disability Earnings and the Benefit Percentage; or*
>
> *2) the Maximum Monthly Benefit.*

11. Due to restrictions and limitations arising from a physical

3

"sickness", resulting in "disability", Ms. Walls initially made a claim to HARTFORD for benefits under the LTD Plan with a disability onset date on or about June 17, 2020.

12. Ms. Walls's claim for LTD benefits was thereafter approved by THE HARTFORD.

13. Thereafter, via letter dated January 13, 2023, THE HARTFORD initially notified Ms. Walls that it was terminating her claim for long-term disability benefits as of January 14, 2023.

14. Ms. Walls, acting through counsel, timely submitted her mandatory appeal of THE HARTFORD's adverse benefit determination on or about July 19, 2023.

15. Via letter dated October 13, 2023, THE HARTFORD issued a final determination informing Ms. Walls that her LTD appeal was denied and that she had exhausted her administrative remedies.

16. At all material times hereto and as set forth above, Ms. Walls has continued to provide defendant with medical and other documentation supporting and confirming her ongoing disability status, as per the terms of the aforementioned policy

17. In reaching its decision to deny Ms. Walls's claim, the defendant's review was biased and selective; and ignored the severity of Ms. Walls's ongoing limitations and restrictions.

18. Upon information and belief, the defendant violated its contractual obligations to its insured in denying a valid and fully supported claim for benefits.

19. As set forth hereinabove, the defendant improperly, unjustifiably terminated Ms. Walls her disability benefits under the Plan without reasonable basis and based upon faulty, flawed, insufficient and defective information.

20. As a consequence of defendant's pattern and practice of deliberate repudiation of its policy obligations, Ms. Walls has been deprived of her contractual rights to receive total disability benefits payable under the aforementioned Plan.

21. As a further consequence of its violation of ERISA and breach of its contractual and legal obligations, the defendant has been unjustly enriched to the substantial detriment of its insured, Ms. Walls.

22. As a further consequence of defendant's violation of ERISA and breach of its contractual and legal obligations, Ms. Walls has incurred and will continue to incur a loss of income, including counsel fees, litigation costs and expenses, loss of use of benefits payable and associated interest payments.

23. At all relevant times herein, Ms. Walls has continued to make claim for monthly disability benefits under her disability policy, and she is still owed disability benefits from the termination date of January 14, 2023 to the present.

## **REQUEST FOR RELIEF**

WHEREFORE, CATHERINE WALLS prays for relief against HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY as follows:

1. Payment of long-term disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the Plan, with all ancillary benefits to which she is entitled by

virtue of her disability;

3. In the alternative to the relief sought in paragraphs 1-2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of prejudgment and post judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

Respectfully Submitted,

ROSEN MOSS SNYDER LLP

Marc H. Snyder, Esquire
Attorneys for Plaintiff,
Catherine Walls